## KILBOURN vs. PACIFIC BANK.

ERROR TO CIRCUIT COURT, MILWAUKEE COUNTY.

Heard April 5.]                              [Decided June 4, 1860.

### Answer—Evidence—Pleadings.

An answer which does not set forth sufficient facts to constitute a defense to the action, cannot admit evidence to prove those facts which are stated, or to show a substantial defense.

This action was commenced by the defendant in error against the plaintiff in error. The complaint was in the ordinary form upon a note for $5,000 with interest at ten per cent per annum. The facts set up in the answer are noticed by the court in its opinion. On the trial the defendant, to prove his answer, offered himself as a witness, but the plaintiff objected to the defendant's offering any testimony to prove his answer, for the reason that it did not set up facts sufficient to constitute a defence. Which objection the circuit judge sustained, and the verdict was given for the plaintiff for the amount of the note; and the defendant below sued out this writ of error.

E. Marriner, and W. P. Lynde, for the plaintiff in error.

J. Downer, for the defendant in error.

By the Court, COLE, J. We are of the opinion that the answer in this case does not set up, or state facts sufficient to constitute a defense to the action. The proof could not be broader than the allegations of the answer, and if the allegations failed to show a substantive defense, the judgment must be affirmed. It therefore becomes material to look into the answer and see what it contains.

The answer alleges, in substance, that the note upon which the action was brought, was given as a part of the consideration

for the purchase of certain stock of the Habbarton Manufacturing Company, by the plaintiff in error, of one Hiram Barber; that the property of the company consisted mainly of certain real estate in the county of Dodge, describing it; that the value of the stock of the company depended upon its ownership of said real estate. It further alleges, that a few days prior to the purchase of the stock by the plaintiff in error, of Barber, a large portion of the said real estate " was conveyed by a conveyance commonly known as a tax deed, executed and delivered by the clerk of the board of supervisors of Dodge county, in due form of law, pursuant to the provisions of certain certificates of sale of said lands which had theretofore been issued by the proper officer of said county upon a sale of said lands for nonpayment of taxes pursuant to the statute in such case made and provided, to one Daniel Sweet. That such deed, by the terms of said statute, conveyed to said Sweet an absolute title in fee to said premises ; that said Barber, well knowing the premises, and the execution and delivery of such deed, and that the defendant, who resided in the county of Milwaukee, and did not and could not know of the execution and delivery of such deed, and contriving to injure and defraud this defendant, sold and delivered the said stock to this defendant, concealing the fact that any such tax deed had been executed, with the intention of obtaining the same price for said stock that the defendant would have paid, had no such tax deed been executed and delivered as aforesaid." The answer further alleges, that the plaintiff in error would not have paid the price he did, if he would have purchased at all, had he been aware of the execution of the tax deed; and that the bank did not receive the note in due course of business, without notice of the fraud in its inception.

It was conceded on the argument, that the bank stood in the place of the original promisee, and that if the matters set

up in the answer showed a good defense as to the party receiving the note, that such defense was available in this action.

The counsel for the defendant in error contends that this answer is defective in two important particulars: 1, for not alleging that a large part, *in value*, of the real estate of the corporation, was embraced in the tax deed; and 2, for not averring in a distinct, positive and affirmative manner, that such tax deed was a good and valid deed. He insists that it may well be that a large part of the real estate, in *quantity*, may have been forfeited by the company, for non-payment of taxes, and embraced in the tax deed; while it would by no means follow that such real estate constituted a considerable part in value of the property of the company. The lands thus forfeited may have been useless or worthless for the purposes of the corporation, while those retained may have given the stock its chief value. It appears to us that there is great force and reason in this criticism upon the answer, and that its allegations are defective for not stating that the tax deed embraced a large part in value of the real estate of the company.

But, in our estimation, the other objection taken to the answer, that it omits to allege in a clear, positive manner, that the tax deed was good and valid, is insurmountable. For it is very clear that unless the tax deed is valid, the title of the lands embraced in it, did not pass to Sweet, and the value of the stock cannot be affected to any appreciable extent by its existence. The language of the answer is a little singular on this point. It is possible the pleader intended to allege, that the tax deed was not only good in point of form, but was a good and valid conveyance in fact, and conveyed the title. But it is not so alleged. The answer states that " the lands mentioned therein were conveyed by a conveyance commonly known as a tax deed, which was executed and de-

livered by the clerk of the board of supervisors, Dodge county, in due form of law, pursuant to the provisions of certain certificates of sale, and that such deed, *by the terms of the statute,* conveyed to Sweet an absolute title in fee in the premises." Is this equivalent to saying that the deed was good and valid, and conveyed the title, &c? Suppose the officers had gone through the formality of selling lands not subject to taxation, or not liable to sale for taxes, and had given a tax deed upon the same, still, it would not follow that the deed was valid on that account. If the tax deed is not valid the plaintiff in error has not been prejudiced by it.

The proposition which was so fully discussed upon the argument, namely, whether it was incumbent upon Barber to disclose the fact that a tax deed upon the real estate of the corporation existed, which materially affected the value of the stock, and whether by his withholding this information with the intention of injuring the plaintiff in error by obtaining the same price for the stock as though the title were clear, constituted a fraud in law entitling the plaintiff in error to relief, it is not necessary to consider, since this question does not fairly arise upon the pleadings, and therefore we express no opinion upon it.

It was insisted that the withholding this information with such an intent was a fraudulent concealment by the vendor, of a fact which in equity and justice he was bound to disclose, and that the sale was void for that reason. But, as the answer does not necessarily call for an opinion upon this interesting question, we give none.

The judgment of the circuit court is affirmed.