FLESHMAN, Respondent, v. SHEPARD *et al.*, Appellants.

1. Where property is conveyed in trust, *bona fide*, to secure the payment of certain debts due, and a third person, by virtue of a sale under a judgment against the grantor in the deed of trust, subsequently obtains title, subject to such deed of trust, to a portion of the property embraced in said deed, such purchaser will not be entitled to intervene in proceedings instituted to enforce the deed of trust against all the property embraced in it, and to require that that part of the property in which he has no interest shall first be appropriated to the payment of the trust debt.

*Appeal from Platte Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Pitt*, for appellants.

*Spratt & Merryman*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

This was a suit to decree a sale of trust property for the satisfaction of certain promissory notes for the payment of which said trust had been created, and also for the purpose of setting aside an encumbrance on the property, which it

was alleged was fraudulent and void. The payment of the notes was decreed by the court. A sale of the property was ordered, and the encumbrance was pronounced fraudulent and set aside. All the parties to this proceeding acquiesced in the judgment of the court. During its pendency, John E. Pitt, who is the appellant here, was permitted to become a party to it and to file an answer, as it is termed, to the plaintiff's petition. The substance of this paper was that subsequently to the deed of trust John Schneider had obtained a judgment against the grantor in the deed. On this judgment an execution has issued, and under it a part of the trust property was sold, and the appellant, J. E. Pitt, became the purchaser at a sum not stated, and received a deed. It is further alleged that the property secured for the satisfaction of the trust, which remained after the sale of the portion of it of which Pitt became the purchaser, was sufficient to satisfy the debt secured upon it. The relief claimed on these facts was that the plaintiff be required to " marshal securities," and that the trust property be so disposed of as will not require a sale of the property of which Pitt became the purchaser, until it shall become necessary by a failure to satisfy the debt by a sale of all of the trust estate which he did not purchase. The court dismissed Pitt without relief.

We do not see on what ground Pitt could intervene in the case until there was a final judgment against the defendants in favor of the plaintiff. If Pitt could have interfered at all, he should certainly have waited until there was a judgment for the sale of the property. But what equity is there in the prayer for relief ? It does not appear but that he is a mere speculator. He bought the property subject to the encumbrance. All the property included in the trust deed was subject to the payment of the debt for which it was conveyed in trust. The portion bought by Pitt was subject to its proportion of the debt. He bought it thus encumbered. Where, then, can be the equity in removing the encumbrance for his benefit ? Will the courts thus relieve against pur-

chasers on speculation, and thereby enable men to acquire valuable estates at prices merely nominal?

The case as presented does not require us to determine whether when a large amount of property is conveyed to secure a debt much below its value, there is not some relief for a subsequent creditor. Ordinarily such a conveyance would, from the mere inadequacy of the consideration, be found to be fraudulent. But how can we see that in granting the relief prayed we are not putting valuable property in the hand of a pnrchaser for a mere nominal sum?

The judgment is affirmed, with a judgment of ten per cent. against Pitt. The other judges concur.