C. H. PARMALEE, ET AL., PLAINTIFFS IN ERROR, v. E. A. WIGGENHORN, ET AL., DEFENDANTS IN ERROR.

1. **Partnership**: LIABILITY OF INCOMING PARTNER. An incoming partner is not liable for the debts incurred or contracts made before he entered the partnership, unless such liability is created by express contract based on good consideration.

2. ———— : ———— There must be a novation before the new firm is liable; and the new contract must receive the consent of all the parties, and must have the effect to extinguish the old contract, and create a new liability of debtor and creditor, or of contractors, between the creditor or contractor and the new firm, and such new contract must be based on some consideration.

3. ————: ———— The mere receipt of money by the new firm is not sufficient to raise a presumption that the incoming partner made a parol contract, binding him to fulfill the terms and conditions of such former contract, or to make him liable for a breach of the same.

ERROR from the district court of Saunders county. Tried before POST, J. Judgment below was given in favor of Wiggenhorn and Green against Parmalee and Johnson, who brought the cause here by petition in error. Further facts appear in the opinion.

*Chapman and Sprague*, for plaintiffs in error.

The court erred in excluding the testimony offered by defendants showing the contract between the parties, and the partial delivery and payment and performance by defendants under the contract with O. M. Carter and Wiggenhorn. Plaintiffs themselves set forth in their petition that Green is the assignee of Carter's interest in the account sued on. "In the case of an assignment of a thing in action, the action of the assignee shall be without prejudice to any set-off or other defense now allowed." Civil Code, Sec. 31. *Bush v. Lathrop*, 22 New York, 535. *Allen v. Miller*, 11 Ohio State, 374. All cases under the code agree with these authorities.

*M. H. Sessions*, for defendant in error.

The only ground or theory upon which Parmalee and Johnson could recover of Wiggenhorn and Green their pretended claim against Carter is that of *novation*. To constitute a novation when Green bought out Carter's interest in the mill, and became the owner thereof with Wiggenhorn, and they formed their copartnership in that business, Wiggenhorn and Green must have then and there agreed, not only with Carter, to assume and carry out his—Carter's—contract with Parmalee and Johnson, but it was equally necessary for Parmalee and Johnson to there and then agree to take Wiggenhorn and Green as their sole debtor for the same, and to have entirely released said Carter from any and all liability or obligation upon the said contract, or in other words, Carter's original and *all* liability upon said contracts must have been extinguished. *Poindexter v. Waddy*, 6 Munf. (Va.), 418. 1 Parsons on Contracts, 217 to 220 inclusive, 5th edition. *Thomas v. Shillibeer*, 1 M. & W., 123. *Curson v. Chadley*, 3 B. & C., 591. *Wharton v. Walker*, 4 B. & C., 163. *McKinney v. Alvis*, 14 Ill., 34. *Wise v. Coply*, 36 Ga., 508. *Fagan v. Long*,

30 Mo., 222. *Beivly v. Tams*, 17 Pa. St., 485. Story on Partnership, § 146, note 3. 3 U. S. Digest, pp. 499 and 500, § 1,932, § 1,933.

The whole theory of the claim of Parmalee and Johnson against Wiggenhorn and Green, as shown by this answer, is at war with the foregoing doctrine. They in their answer expressly claim, that by the terms of the contract Carter was not released from his original liability upon said contract, but that he is liable upon the same with Wiggenhorn and Green; in other words, that Carter was not released from any and all liability upon said contract, but simply that Wiggenhorn and Green agreed to become responsible to them for the same with Carter. The entire claim of Parmalee and Johnson against Wiggenhorn and Green, as stated in their pleadings, is void by the statute of frauds, for the reason that all that can be extracted from the same amounts to no more than the special promise of Wiggenhorn and Green to answer for the debts of Carter, which is void. Gen. Stats., 393, § 8. *Ayrault v. Chamberlain*, 26 Barb., 83. *Stenburg v. Callanan*, 14 Iowa, 251, *Eddy v. Roberts*, 17 Ill., 505. *Ellison v. Jackson*, 12 Cal., 542.

GANTT, J.

In the court below the defendants in error brought action against the plaintiffs in error and one O. M. Carter, to recover on an account for feed sold and delivered to them—alleging that from the first to the thirtieth day of March, 1875, the defendant Wiggenhorn and said Carter were partners doing business, and during that time they sold the feed to plaintiffs, and that on the first day of April, O. M. Carter sold and transferred his interest in said account to defendant Green. O. M. Carter pleaded a denial, and afterwards, by leave of the court, withdrew the same, and filed a general demurrer, which the court

sustained and dismissed the action as to him. Plaintiffs in error filed a joint answer, admitting the account, and set up as a defense an alleged contract whereby O. M. Carter agreed to sell and deliver to them, from time to time for one year, all the feed, bran, shorts and screenings made at the Leola flouring mills, then owned by him; that on the first day of December, 1874, he sold one-half interest in the property to Wiggenhorn; that Carter and Wiggenhorn formed a partnership under the name of O. M. Carter & Co., and continued to deliver to them a part of said feed, but not all; that on the first day of March, 1875, O. M. Carter sold this remaining one-half interest of the property to defendant Green, and that he and Wiggenhorn were partners under the name of Wiggenhorn & Green, and alleging further that Green knew of the contract, and " took the benefits of it and assumed all the responsibilities of the same," and that defendants in error " agreed to deliver to them all the feed made at the mill." And they aver that " O. M. Carter, Carter & Wiggenhorn, the defendants in error, and Green" pretended to deliver the feed up till April 1, 1875, and after that time refused to do so; and allege that they were damnified by the breach of the contract, and ask judgment therefor against defendants and O. M. Carter for the same. Defendants pleaded a denial to this answer. It, however, appears that defendant Green purchased Carter's remaining one-half interest in the property on the first day of March, 1875, as alleged in the answer, and that the date mentioned in the petition was a mistake.

It will he observed that in effect the new matter set up in the answer is in the nature of an action for a breach of the contract alleged to have been originally made between plaintiffs in error and O. M. Carter; and the question for consideration is, does this pleading state facts sufficient to constitute a cause of action against the

defendants in error? They do not aver a rescission or an extinguishment of the contract with O. M. Carter, nor do they aver any express contract between themselves and the defendants, or either of them. On the contrary, they show by their answer, that their contract with Carter was not rescinded, by averring that "O. M. Carter, Carter & Wiggenhorn, the defendants in error, and Green," refused to deliver to them the feed, and by asking judgment against the defendants and O. M. Carter for the damages alleged to have been sustained by them by reason of the breach of the contract—deducting therefrom the amount of the account stated in the petition. The plaintiff Johnson testified that "Wiggenhorn never agreed with him that he would fulfill the contract;" and the testimony offered by plaintiffs and rejected by the court does not set forth any facts tending to show a rescission of the original contract between them and Carter, or any contract between them and Wiggenhorn and Green, or either of them. Hence, upon the showing made by the record, I think there is no cause of action set forth in the answer against the defendants in error, nor does the evidence given in the case, or that offered and rejected, tend to show any such cause of action.

The doctrine is well established that an incoming partner is not liable for the debts incurred, nor upon contracts made before he entered the partnership, unless such liability is created by express contract, based upon a good consideration; and before the new firm can be made liable in any such case there must be a novation, and the new contract must receive the consent of all the parties, and must have the effect to rescind and extinguish the original debt or contract, and create a new liability of debtor and creditor, or of contractors between the creditor or contractor and the new firm, and such new contract must be founded on some good consideration moving to the new firm. Nor is the mere receipt of money by the new

firm sufficient to raise a presumption that the incoming partner made a parol contract binding himself to fulfill the covenants and conditions of the original contract, or to make him liable for a breach of contract, because the liability must rest on a novation, and a new contract receiving the express consent of all the parties, and which effects a rescission and extinguishment of the original contract. These general principles are supported by the whole current of authority. In *Bewley v. Tams*, 17 Pa. St., 489, 490, it is said that, "it never has been thought that a man who buys himself into another's business subjects himself to the liabilities which that other may have incurred previously; nor that a new firm is bound to pay the debts or comply with the contracts of an old one composed partly of the same members;" and therefore unless the former agreement "was rescinded and a new parol contract to the same effect was made by defendants jointly, upon sufficient consideration moving to them, then this action is incurably wrong, and the trial ought to have been stopped as soon as it began."

In *Kirwan v. Kirwan*, 2 Cr. & M., 617, A. had an account with B. & Co. During the time A. dealt with the firm, all the partners retired except C., who formed a partnership with K. A's account was transferred from the books of the old to those of the new firm, and the balance was struck annually as before. A.'s administrator brought suit against the *quondam* partners and C. to recover the balance, and the *quondam* partners contended that the responsibility had shifted to C. & K., and the payments made by the new firm amounted to evidence that K. intended to take the debt on him. *Held*, That no inference of that sort could be drawn in the absence of proof of A.'s assent to the substitution of K. as his debtor for the original partners; and there was nothing to show that K. undertook to answer for the debts of the old firm, and the probabilities were that he would not

incur such responsibility. *Thomas v. Shillaber*, 1 M. & W., 12³. *Cuxon v. Chadley*, 3 B. & C., 591. *Butterfield v. Hartshorn*, 7 N. H., 347. *McKinney v. Alvis*, 14 Ill., 34. *Hart v. Tomlinson*, 2 Vern., 100. *Poindexter v. Wadley*, 6 Munf. Va., 420. *Fayon v. Long*, 30 Mo., 324. *Steinburg v. Callaman*, 14 Iowa, 258. *Kilburn v. Pacific Bank*, 11 Wis., 230.

The judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.