ROHLFING & CO. v. FRISBEE D. CARPER *et al.*

INCOMING PARTNER — *Liabilities.* An incoming partner of a trading firm is not liable for the prior debts of the firm without a special promise, founded on a sufficient consideration, but such consideration may be the interest in the property of the firm received by him at the time he becomes a member.

*Error from Trego District Court.*

ACTION by *Rohlfing & Co.* against *Carper* and others. Judgment for defendant *Carper.* The plaintiffs come to this court.

*A. D. Gilkeson,* for plaintiffs in error.

*Riddle, Starkweather & Dixon,* for defendants in error.

The opinion of the court was delivered by

ALLEN, J.: The plaintiffs in error brought suit on an account for merchandise, which they alleged they sold and delivered to the defendants, for which they asked judgment for $1,345.54, with interest. Plaintiffs were wholesale merchants, doing business at Leavenworth. It appears without contradiction that the first dealings were between the plaintiffs and the firm of Clapp & Frymire. The itemized account attached to the plaintiffs' petition shows that the first bill of goods was sold on March 9, 1886, and the last bill on June 16th of the same year. About the 10th of May, Carper, who is the only defendant contesting plaintiffs' claim, traded a hotel in Wallace, Kas., where the defendants carried on a retail store, for a third interest in the store which had theretofore been owned by Clapp & Frymire. At that time Clapp & Frymire owed plaintiffs about the amount claimed in this action. The exact date of this trade does not clearly appear from the evidence. Written orders for goods were made in the name of Clapp & Frymire as late as May 24. On May 29, a remittance of $250 was made by Carper, Frymire & Co., which was received and credited by the plaintiffs on the 1st day of June, and the defendants were charged with a bill of goods on the same day. The principal question litigated in the case is, as to whether the new firm of Carper, Frymire & Co. assumed the debt of the old firm of Clapp & Frymire. The jury found for the defendant Carper. The only question of law discussed in the brief of the plaintiffs in error arises on the instructions of the court, and the following paragraph is challenged as erroneous:

"Now, upon this question, I say to you that, unless he agreed to become responsible for the debts of the old firm when he went in there, either in writing, or received a valuable consideration for doing so, or else at some time agreed to assume that indebtedness, in writing, or got a valuable consideration for doing so, then he could not be held responsible for the debts of the old firm."

The plaintiffs contend that the case of *Cross v. National Bank*, 17 Kas. 336, furnishes the proper rule, and they asked the court to instruct the jury that "very slight circumstances will be sufficient to show the liability of an incoming partner." They also embodied a part of the reasoning of Mr. Justice Brewer in the opinion in that case in an instruction which they asked the court to give the jury. The instruction asked and quoted above would be altogether erroneous, taken by itself. Very slight circumstances might tend to prove anything or nothing. The instruction as framed does not contain the substance of the third paragraph of the syllabus in the case of *Cross v. National Bank*, which reads:

"While an incoming partner is not liable for the prior debts of the firm without a special promise, yet very slight testimony will be sufficient to prove an assumption by him of those debts."

In this paragraph of the syllabus the word "testimony" occurs, while, in the instruction asked, the word "circumstances" is used instead, thus making a very radical change in meaning. But this paragraph of the syllabus was not applicable as an instruction in the case on trial, for the reason that there was direct and positive testimony on both sides of the question as to the assumption of liability by the incoming partner. He explicity denied having assumed such liability. It was therefore for the jury to decide as to the weight of conflicting testimony. While the instructions given by the court are possibly subject to some criticism, we cannot say that the court erred in saying that the assumption of liability by Carper must have been either in writing or for a valuable consideration. The statement of the court that the case was within the statute of frauds, even if erroneous — which is, perhaps, a debatable question — could not have misled the jury, unless the instruction that the defendant must have agreed in writing to assume the debt, or have received a valuable consideration for so doing, was erroneous; for, under the instruction as given and repeated several times, the jury

were told that either an assumption in writing or the receipt of a valuable consideration would be sufficient. They were nowhere told that both were necessary. The authorities are uniform in holding that there must be a sufficient consideration in order to bind an incoming partner. In this case, the consideration, if any, was a valuable one, and the use of the word "valuable" was proper in that connection. (1 Lindl. Partn. 208; *Morehead v. Wriston*, 73 N. C. 398; *Paradise v. Gerson*, 32 La. An. 532; *Parmalee v. Wiggenhorn*, 6 Neb. 322; *Piano Co. v. Bernard*, 2 Lea, 358; *Sternburg v. Callanan*, 14 Iowa, 251.) The court might have properly told the jury that the interest in the partnership property and business acquired by Carper would be a sufficient consideration to uphold an agreement between the plaintiffs, Carper, and the members of the old firm that the new firm should assume the payment of the debts of the old. Such an agreement, if assented to by all parties, would amount to a novation of the debt, and would be valid; but no such instruction was asked, and the testimony of Carper was explicit that no such arrangement was made. The instructions asked were not proper, and the court was right in refusing to give them.

It is insisted that the evidence shows the purchase by Carper, Frymire & Co. of goods amounting to $765.42, and the payment of only $600, and therefore that they were clearly entitled to a verdict for the balance, whether Carper assumed the payment of the old debt or not; but the evidence fails to fix definitely the time when Carper became a member of the firm. We are therefore unable to determine the exact amount of the purchases for which the defendant Carper was liable. This, like all other disputed questions of fact, was a proper matter for the consideration of the jury. Perceiving no substantial error in the record, the judgment is affirmed.

All the Justices concurring.